March 25th, 1907.

———o———

## No. 4151.

(Court of Appeal, Parish of Orleans.)

## THE L. GRUNEWALD COMPANY, LIMITED, vs. JOSEPH R. BRES.

1. Where a workman has a claim for repairing property on which he has a statutory lien to secure that claim, and he

retains possession of the property thereunder, prescription of his claim for repairs is suspended during his possession of the property.

2. A charge for storage on the property so retained by the workman, will be allowed for a reasonable time only. He should, without unnecessary delay, assert his claim and lien against the property.

Appeal from Civil District Court, Division "D."

Dinkelspiel, Hart & Davey, for Plaintiff and Appellee.

J. C. Henriques, for Defendant and Appellant.

ESTOPINAL, J. Plaintiff repaired defendant's piano. The charge for the repairs was sixty-five dollars ($65.00). Defendant having failed to pay for said repairs the piano has ever since remained in the possession of plaintiffs, who seek to recover besides the amount for repairs, the sum of seventy-two ($72.00), for storage, this charge being at the rate of two dollars ($2.00) per month from the first of February, 1903, to the 1st of February, 1906.

Plaintiff filed this suit on the 5th of February, 1906, and asks for storage at the rate of two dollars ($2.00) per month from the 1st of February, 1903.

On March 14th, plaintiff filed a supplemental and amended petition, setting out in detail the character of work done on defendant's piano, and averring therein that the piano was received by it on October 1st, 1902, and that the work on it was completed in sixty days.

Defendant plead the general issue, and subsequently invoked the prescription of three years as against the claim for repairs, sixty-five dollars ($65.00).

There is abundant proof in the record establishing the correctness of the item for repairs, and the judgment to that extent will not be disturbed. The prescription of three years interposed as to this item will not avail defendant, for, as well said by counsel for plaintiff, "even though this claim were an account provided for by Article 3538 of the Civil Code, as amended by Act 78 of 1888, the prescription has been continuously interrupted by the property of the defendant remaining in the possession of the plaintiff. This is entirely too elementary to require discussion. The record shows (plaintiff's pleadings and testimony), that though the piano was in plaintiff's possession since the 1st of October, 1902, no charge was made for

235

storage for the first four months, storage at the rate of two dollars ($2.co) per month being claimed from the 1st of February, 1903.

We are of the opinion that at best plaintiff was entitled to storage for a reasonable time only, it being plainly its duty, after the refusal of defendant to pay for the repairs to the piano to assert its lien and privilege thereon by seizing and selling same to satisfy the claim.

A long and fruitless negotiation for an amicable settlement of the claim will not now justify a large claim for storage. We should have allowed storage for a reasonable time, but not not exceeding four months, and since no claim is made by plaintiff for storage for the first four months, we think it was error to have awarded any sum at all for storage. In accordance with these views the judgment appealed from should be amended.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be, and the same is hereby amended by reducing the amount thereof to the sum of sixty-five dollars ($65.00), and as thus amended, it is affirmed.

Appellee to pay costs of appeal.